UNITED STATES v. WHITMIRE et al.

(Circuit Court of Appeals, Eighth Circuit. May 20, 1911.)

No. 3,354.

1. EQUITY (§ 419*)—DECREE PRO CONFESSO—POWER TO VACATE.

Under equity rule 19 a federal court of equity is authorized, on motion and a showing, to vacate an order pro confesso taken against a defendant and enlarge the time for filing an answer.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 972–985; Dec. Dig. § 419.*]

2. INDIANS (§ 13*)—ALLOTMENT OF LAND—CANCELLATION OF CERTIFICATE—APPOINTMENT ON COURT'S OWN MOTION.

In a suit by the United States to cancel a certificate of allotment of Indian land, in which the material allegations of the bill were denied, and the court denied a motion by complainant for a temporary injunction against defendant, who was in possession of the land, it was within its discretion to appoint a receiver therefor; it appearing that oil was being produced thereon.

[Ed. Note.—For other cases, see Indians, Dec. Dig. § 13.*]

Appeal from the Circuit Court of the United States for the Eastern District of Oklahoma.

Suit in equity by the United States against Albert Whitmire and John R. Greenlees. From an order appointing a receiver, the United States appeal. Affirmed.

J. C. Denton, Asst. U. S. Atty. (William J. Gregg, U. S. Atty., on the brief), for the United States.

W. A. Chase and W. H. Kornegay, for appellee Greenlees.

Before VAN DEVANTER and HOOK, Circuit Judges, and CARLAND, District Judge.

HOOK, Circuit Judge. This is an appeal from an order of the Circuit Court appointing a receiver. The suit was commenced by the United States against Albert Whitmire and John R. Greenlees to cancel a certificate of allotment to Whitmire of a tract of land and his deed thereof to Greenlees, and otherwise to clear the title and to establish its right to possession, to the end that the provisions of the acts of Congress respecting the disposition of the land may be complied with. Greenlees is the real defendant in interest. The case presented in the amended bill of the government is as follows:

Whitmire, who was an enrolled freedman of the Cherokee Tribe of Indians and entitled to an allotment of tribal lands, was not entitled to select the particular tract in question; but he secured an allotment of it to himself by false and fraudulent representations respecting his ownership of the improvements. On the same day he made the deed to Greenlees, who took with notice. Under an act of Congress the allotment was open to contest for nine months. Within that period a contest was instituted, and it resulted in a decision, affirmed by the Secretary of the Interior, annulling the allotment to Whitmire. The land was then allotted to another. It is also

averred that Greenlees appeared and participated in the contest and is concluded by the final determination thereof. Greenlees obtained a decree in a suit in a state court that he was the owner and entitled to the possession of the land; but it is claimed neither the government nor the Cherokee Nation were parties thereto, and are not affected by it, also that the court was without jurisdiction of the subject-matter. The theory of the bill is that the acts of Whitmire and Greenlees and the decree of the state court interfere with and obstruct the performance of the duties respecting the allotment and distribution of the Indian lands imposed by the acts of Congress upon the Department of the Interior and subordinate agencies, which are constituted special tribunals for such purposes and given exclusive cognizance.

An order pro confesso was taken against Greenlees for failure to answer the amended bill in time. The government filed a motion, stating that Greenlees had wrongfully taken possession of the property, and asking that he be required to restore it and be enjoined from further interference. Greenlees moved that the order pro confesso be set aside, and that he be allowed to answer the amended bill. After hearing the motions the court entered an order by which it vacated the order pro confesso, granted Greenlees leave to answer, and denied the temporary injunction. As part of the order the court of its own motion appointed a receiver to take charge of the land. Greenlees filed his answer on the same day, specifically denying the averments of the amended bill essential to the government's recovery. It appears from the briefs, though not from the pleadings, that the land was oil producing, which probably accounts for the importance of possession during the pendency of the suit.

As already stated, the appeal of the government is from the appointment of the receiver; but we will assume that it brings up the entire interlocutory order for review. See Smith v. Vulcan Iron Works, 165 U. S. 518, 524, 17 Sup. Ct. 407, 41 L. Ed. 810. The order pro confesso was merely nisi, and upon motion, and the showing that was made, the court was fully authorized by equity rule 19 to vacate it and enlarge the time for answer. The requirement of the rule as to costs, which does not appear to have been observed, can be attended to by the court at any stage of the case without reversal of the order. The averments of fact in the amended bill upon which the government relied were controverted, and the case had not sufficiently progressed to show clearly that it was entitled to a decree or would likely receive one. When the trial court acted, the land was in the possession of Greenlees; but it took it out of his possession, and put it in the hands of its own officer pending the suit. Greenlees is not complaining of this, and under the circumstances we do not think the government has just cause for complaint. There was no showing to move the court's discretion toward a temporary injunction, which would have the effect of putting it into possession. True, the government did not seek a receiver; but it was benefited, not prejudiced, by the appointment of one.

The order is affirmed.